LLOYD P. GILLIS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JOHN E. AND JEAN E. URSO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gillis v. Commissioner
Docket Nos. 3349-79, 4518-79.
United States Tax Court
T.C. Memo 1980-541; 1980 Tax Ct. Memo LEXIS 38; 41 T.C.M. (CCH) 491; T.C.M. (RIA) 80541; December 8, 1980
Lloyd P. Gillis, pro se. Jean E. Gillis, formerly Urso, pro se. Robert Cuatto, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: In these consolidated cases respondent determined the following deficiencies in the Federal income taxes of petitioners: Petitioners
Dkt. No.
Year
Deficiency
Lloyd P. Gillis
3349-79
1975
$ 635.00
John E. and
4518-79
1975
1,450.00
Jean E. Urso
*39 Since Jean E. Gillis, formerly Jean E. Urso, is now divorced from John E. Urso, whose whereabouts are unknown, she has no knowledge of the basis of the dependency exemptions claimed and disallowed for Michael and Monica Urso or the miscellaneous deductions of $ 1,350 disallowed in the notice of deficiency in Docket No. 4518-79. Therefore, she cannot and does not contest these particular adjustments, although she filed a joint Federal income tax return for the year 1975 with John E. Urso. The only issue presented for decision is whether Lloyd P. Gillis or Jean E. Gillis is entitled to the dependency exemption deductions under section 151 [1] for their daughters, Susan, Colleen and Kathleen Gillis, for the year 1975. Respondent disallowed the dependency exemptions claimed by both Lloyd and Jean Gillis. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are so found. Lloyd P. Gillis (hereafter sometimes referred to as Lloyd) was a resident of Calabasas, California, when he filed his petition in Docket No. 3349-79. He timely filed *40 his Federal income tax return for 1975, claiming thereon dependency exemptions for Susan, Colleen and Kathleen Gillis. John E. Urso and Jean E. Urso (hereafter sometimes referred to as Jean) were legal residents of Tustin, California, when they filed their petition in Docket No. 4518-79. They timely filed their joint Federal income tax return for 1975 in which they claimed dependency exemptions for Susan, Colleen and Kathleen Gillis. On September 18, 1973, an "Interlocutory Judgment of Dissoultion of Marriage" was entered in the Superior Court of California, County of Los Angeles, granting a divorce between Lloyd and Jean Gillis. The "Final Judgment of Dissolution of Marriage" was entered on April 9, 1974. The Interlocutory Judgment provided, in pertinent part, as follows: Petitioner [Jean] is awarded custody of the three minor children, Susan J., born March 31, 1960, Colleen A., born March 1, 1968 and Kathleen M., born February 4, 1970, reserving to respondent all rights of reasonable visitation. Respondent [Lloyd] is ordered to pay to petitioner [Jean] as and for child support the sum of $ 133.50 per month per child, a total of $ 400.50 per month, payable on the *41 fifth day of each month, commencing September 5, 1973, and continuing until the death, marriage, or attainment of 18 years, of the child, or further order of Court, or otherwise emancipated. As and for additional child support, respondent [Lloyd] is ordered to maintain the present medical insurance for the benefit of the minor children, or if he fails to do so, he shall pay the reasonable and necessary medical expenses of the minor children. During 1975 Lloyd made support payments of $ 1,602 for each child. In addition, he made other expenditures of $ 13.30 per month for each child for major medical insurance and $ 10 per month for each child for entertainment, food and Christmas and birthday presents. His total expenditures for the support of each child in 1975 were $ 1,881.60. Susan, Colleen and Kathleen were in their mother's custody during all of 1975. They lived with Jean and John Urso at 6645 Sausalito Avenue, Canoga Park, California, which had been acquired by quitclaim deed from Lloyd Gillis dated August 30, 1973, pursuant to the Interlocutory Judgment of divorce. The total support for the three children in 1975 was as follows: Item
Susan
Colleen
Kathleen
Lodging
$ 852
$ 852
$ 852
(Fair rental value)
Utilities
257
257
257
Telephone
96
96
96
Food
1,040
1,040
1,040
Medical & Dental
137
119
119
School Lunches
100
100
0
Clothing
325
325
325
Allowances
520
156
156
Gifts
225
305
275
Medical Insurance
159
159
159
Travel & Entertainment
652
329
304
Miscellaneous
100
100
100
Total
$ 4,463
$ 3,838
$ 3,683
*42 ULTIMATE FINDINGS OF FACT 1. Jean provided over half of the support for Susan and Colleen during the year 1975. 2. Lloyd provided over half of the support for Kathleen during the year 1975. OPINION As reflected in our findings of fact and ultimate findings, we hold that Jean is entitled to the dependency exemption deductions for Susan and Colleen for 1975 and that Lloyd is entitled to the deduction for Kathleen.The issue turns essentially on the facts and upon the application of section 152(e)(2)(B). [2]
*43 The law is not in dispute. Since Lloyd, the non-custodial parent, provided over $ 1,200 for the support of each child during 1975, section 152(e)(2)(B)(ii) shifts the burden to Jean, the custodial parent, to "clearly establish" that she provided more for each child's support than Lloyd. , affd. per curiam . Although Jean lost most of her records is moving from one house to another, her testimony, as corroborated by that of Susan, Colleen and her mother, seemed credible, substantially correct and reasonable. The law is clear that Jean need not conclusively prove the exact or precise total amount expended for the children's support. It is only necessary that she establish the total amount exepended by a clear preponderance of the evidence which we think she has done. . The Court has allowed only the fair rental value of the lodging, prorated among the five persons who occupied the house. Nothing has been separately allowed for the payments made on the loans for home improvements. To reflect our conclusions *44 herein, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩
2. SEC. 152(e). Support Test in Case of Child of Divorced Parents, Et Cetera.-- (2) Special rule.--The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (B)(i) the parent not having custody provides $ 1,200 or more for the support of such child (or if there is more than one such child, $ 1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody.↩